The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SEVILLE MARKETING, LTD., a British Columbia, Canada, corporation, and <br><br> GREGORY STEPHEN WONG, individually and as the owner and principal of Seville Marketing, Ltd., <br><br> Defendants. | Case No. C04-1181L <br><br> **AMENDED STIPULATED JUDGMENT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission (hereinafter "Commission" or "FTC"), has filed a Complaint for permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), charging defendants Seville Marketing, Ltd., and Gregory Stephen Wong (collectively, "Defendants") with deceptive acts and practices and the making of false advertising in connection with the marketing and sale of the Discreet HIV home test kit to consumers in the United States. The Commission's complaint alleges that Defendants' deceptive acts and practices and false advertisements violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and Defendants Seville Marketing, Ltd., and Gregory Stephen Wong have consented to the entry of this Stipulated Judgment for Permanent Injunction and Other Equitable Relief ("Stipulated Judgment") without a trial or adjudication of any issue of law or fact herein.

NOW, THEREFORE, the Commission and Defendants having requested the Court to enter this Stipulated Judgment, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Pursuant to this section, the Commission has the authority to seek the relief contained herein.

2. The Commission's Complaint states a claim upon which relief may be granted against defendants under Sections 5(a), 12, and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 52, and 53(b).

3. This Court has jurisdiction over the subject matter of this case, and all parties hereto. Venue in the Western District of Washington is proper.

4. The alleged activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The parties shall each bear their own costs and attorney's fees incurred in this action.

6. Defendants waive all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412 concerning the prosecution of this action, and all rights to seek judicial review or otherwise challenge the validity of this Stipulated Judgment.

7. This Stipulated Judgment does not constitute, and shall not be interpreted to constitute, either an admission by Defendants or a finding by the Court that Defendants have engaged in any violations of the FTC Act.

8. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Stipulated Judgment are binding upon Defendants, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Stipulated Judgment by personal service or otherwise.

9. Nothing in this Stipulated Judgment obviates Defendants' obligation to comply with Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52.

10. This Stipulated Judgment was drafted jointly by plaintiff and Defendants and reflects the negotiated agreement of the parties.

11. The paragraphs of this Stipulated Judgment shall be read as the necessary requirements for compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

12. Entry of this Stipulated Judgment is in the public interest.

## DEFINITIONS

For the purposes of this Stipulated Judgment, the following definitions shall apply unless otherwise indicated:

1. "**Defendants**" means Seville Marketing, Ltd., and Gregory Stephen Wong, and each of them, by whatever names each might be known.

2. **"Covered product or service"** shall refer to any device, as defined in 15 U.S.C. § 55(d), and any service advertised, marketed, promoted, offered for sale, distributed, or sold to assist in the diagnosis of any disease or condition.

3. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, electronic mail, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

4. "**Human immunodeficiency virus**" ("HIV") shall refer to all types or strains of the virus that causes acquired immunodeficiency syndrome ("AIDS"), an infectious disease characterized by immune system failure.

5. "**HIV test**" shall refer to any product that is advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product will or may detect the presence or absence of any type or strain of HIV in any human.

1    6.    "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

2    7.    **"Unapproved HIV test"** shall mean any HIV test that is not approved by the United States Food and Drug Administration for sale, distribution, or delivery within the United States.

## ORDER AND JUDGMENT

## PROHIBITION ON SALE OF UNAPPROVED HIV TEST KITS

**IT IS THEREFORE ORDERED** that Defendants and their successors and assigns, whether acting directly or through any entity, corporation, subsidiary, division, or other device, and all persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from engaging, participating, or assisting in any manner whatsoever, directly or by implication, in the advertising, marketing, promotion, offering for sale, distribution, or sale of any unapproved HIV test to any U.S. consumer.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants and their successors and assigns, whether acting directly or through any entity, corporation, subsidiary, division, or other device, and all persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, any material false or misleading oral or written statement or representation in connection with the advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product or service, including but not limited to:

A.    Misrepresenting, in any manner, directly or by implication, the efficacy, accuracy, benefits, or performance, of any covered product or service;

B.    Misrepresenting, in any manner, directly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research; and

1   C.   Misrepresenting any other fact material to a consumer's decision to purchase any
2        covered product or service.

## NOTICE TO PAST PURCHASERS

**IT IS FURTHER ORDERED** that:

A.   Within seven (7) business days after entry of this Stipulated Judgment, Defendants shall provide plaintiff with a written list setting forth the names and addresses of all consumers who purchased the Discreet HIV home test since January 1, 2002, to the extent that such persons can be located by Defendants' best efforts. The Federal Trade Commission shall be permitted to use this list for the sole purpose of providing notice to consumers as provided in Paragraph B of this part. The Federal Trade Commission shall destroy this list and any copies of it within seven (7) business days of the completion of sending notice to consumers as provided in Paragraph B of this part.

B.   The Federal Trade Commission is authorized to send a copy of the notice set forth in Appendix A to this Stipulated Judgment to any person or entity that, according to Federal Express, Defendants, or any other source of shipping information, has received a shipment from Defendants or has purchased any of Defendants' HIV home tests, since January 1, 2002. To the extent that the Federal Trade Commission receives, or has received, the names and addresses of persons who have received shipments from Defendants or purchased any of Defendants' HIV home tests from sources other than the list provided to the Court pursuant to Paragraph A of this part, above, the Federal Trade Commission shall maintain the confidentiality of this information in accordance with 5 U.S.C. § 552 (b)(6) and 7( c) and 15 U.S.C. § 57b-2(f).

## DISCLOSURE OF CONSUMER LISTS

**IT IS FURTHER ORDERED** that, except as required by the provision above entitled "NOTICE TO PAST PURCHASERS," Defendants, and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of

1  this Stipulated Judgment by personal service, facsimile, or otherwise, are permanently restrained and
2  enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone
3  number, credit card number, bank account number, e-mail address, or other identifying information of
4  any person who paid any money to any Defendant, at any time prior to entry of this Stipulated
5  Judgment, in connection with  promoting, offering for sale, selling, or participating in the sale of,
6  directly or indirectly, the Discreet HIV home test kit.  *Provided*, however, that Defendants may disclose
7  such identifying information to a law enforcement agency or as required by any law, regulation, or court
8  order.

## CONSUMER REDRESS

**IT IS FURTHER ORDERED** that Defendants Gregory Stephen Wong and Seville Marketing, Ltd., shall:

    A.    Release to the President and Chief Executive Officer of the Business Practices and Consumer Protection Authority of British Columbia ("CEO "), pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, any and all claims they may have to any assets frozen by the CEO subject to the agreement entered into between the CEO and the Defendants, including, but not limited to:

        Account 248799 held by Gregory Stephen Wong at VanCity
        Account 2G5-058S-4 held by Gregory StephenWong at Credential Securities
        Account 705400001015 held by Seville Marketing, Ltd., at Scotiabank
        Account 705400141216 held by Seville Marketing, Ltd., at Scotiabank
        Account 7129331 held by Gregory Stephen Wong at Scotiabank; and
        Account 705400048623 held by Gregory Stephen Wong at Scotiabank.

    B.    Not object to or otherwise seek to prevent the transfer of the assets listed in Subparagraph A herein, or their proceeds by the CEO, who may first disburse funds according to this agreement with Defendants and also may deduct his investigation costs and any related settlement costs, to the Regional Director, Northwest Region, Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, Washington, 98174.

*Provided further*, that Defendants agree, as evidenced by their signatures to this Stipulated Order, that all funds paid to the Commission pursuant to this Part shall be deposited into a fund

administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. If the Commission determines in its sole discretion that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including consumer information remedies, as it determines to be reasonable related to the Defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A. The Commission's agreement to this Order, requiring that the Defendants be liable for less than the full amount of consumer injury, is expressly premised on the truthfulness, accuracy, and completeness of their sworn financial statements and supporting documents submitted to the Commission, namely the Financial Statements of Seville Marketing, Ltd. and Gregory Stephen Wong, dated August 26, 2004, and attachments thereto, and the Supplemental Disclosure dated January 21, 2005. Such financial statements and supporting documents contain material information upon which the Commission relied in negotiating and agreeing to this Order.

B. If, upon motion by the Commission, this Court finds that Defendants have failed to disclose any material asset, or made any other material misrepresentation or omission in the above-referenced Financial Statements and attachments, the Court shall enter judgment against Defendants, jointly and severally, in the amount of One Million, Thirty-Seven Thousand, One Hundred Thirty-Eight Dollars ($1,037,138.00) in U.S. currency, minus any funds previously received from the CEO as set forth in the prior Part, which amount would be rendered immediately due and payable. Interest computed at the rate prescribed in 28 U.S.C. § 1961 shall immediately begin to accrue on the balance. For the purposes of this Part and any subsequent proceedings to enforce payment, the

Defendants waive any right to contest any of the allegations in the Complaint filed in this action. *Provided however*, that in all other respects this Stipulated Final Order shall remain in full force and effect unless otherwise ordered by the Court; and *provided further*, that proceedings instituted under this Part are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## DESTRUCTION OF TEST KITS

**IT IS FURTHER ORDERED** that any HIV home test kits seized or detained by United States Customs and Border Protection or any commercial mail delivery service, including but not limited to Federal Express, pursuant to prior orders of this Court, shall be destroyed within ten (10) days of entry of this Stipulated Judgment.

## ACKNOWLEDGMENT OF RECEIPT OF STIPULATED JUDGMENT BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of entry of this Stipulated Judgment by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Stipulated Judgment.

## DISTRIBUTION OF STIPULATED JUDGMENT BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Stipulated Judgment, defendants shall deliver copies of the Stipulated Judgment as directed below:

A. Defendant Seville Marketing, Ltd., must deliver a copy of this Stipulated Judgment to all of its principals, officers, directors, and managers. Defendant Seville Marketing, Ltd., also must deliver copies of this Stipulated Judgment to all of its employees, agents, and representatives who engage in conduct relating to the subject matter of the Stipulated Judgment. For current personnel, delivery shall be within five (5) business days of entry

of this Stipulated Judgment. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. Defendant Gregory Stephen Wong as Control Person: For any business that is engaged in conduct related to the subject matter of this Stipulated Judgment that Gregory Stephen Wong controls, directly or indirectly, or in which Gregory Stephen Wong has a majority ownership interest, Gregory Stephen Wong must deliver a copy of this Stipulated Judgment to all principals, officers, directors, and managers of that business and to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Stipulated Judgment. For current personnel, delivery shall be within five (5) business days of entry of this Stipulated Judgment. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C. Defendant Gregory Stephen Wong as employee or non-control person: For any business where Gregory Stephen Wong is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Stipulated Judgment, Gregory Stephen Wong must deliver a copy of this Stipulated Judgment to all principals and managers of such business before engaging in such conduct.

D. Defendants each must secure a signed and dated statement acknowledging receipt of the Stipulated Judgment, within thirty (30) days of delivery, from all persons receiving a copy of the Stipulated Judgment pursuant to this Part.

**COMPLIANCE REPORTING BY DEFENDANTS**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Stipulated Judgment may be monitored:

A. For a period of three (3) years from the date of entry of this Stipulated Judgment:
 1. Defendant Gregory Stephen Wong shall notify the Commission of the following:
  a. Any changes in residence, mailing address, and telephone numbers of Gregory Stephen Wong, within ten (10) business days of the date of such change;

        b.        Any changes in employment status (including self-employment) of Gregory Stephen Wong, and any change in the ownership of Gregory Stephen Wong in any business entity, within ten (10) business days of such change.  Such notice shall include the name and address of each business that such Gregory Stephen Wong is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Gregory Stephen Wong's duties and responsibilities in connection with the business or employment; and

        c.        Any changes in Gregory Stephen Wong's name or use of any aliases or fictitious names; and

    2.    Defendants Seville Marketing, Ltd., and Gregory Stephen Wong shall notify the Commission of any changes in the corporate structure of Seville Marketing, Ltd., or any business entity that Gregory Stephen Wong directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Stipulated Judgment, including but not limited to a dissolution, assignment, sale, merger, or other action would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Stipulated Judgment; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred (100) days after the date of entry of this Stipulated Judgment, Defendants Seville Marketing, Ltd., and Gregory Stephen Wong each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Stipulated Judgment. This report shall include, but not be limited to:

1. For Gregory Stephen Wong:
    a. The then-current residence address, mailing addresses, and telephone numbers of Gregory Stephen Wong;
    b. The then-current employment and business addresses and telephone numbers of Gregory Stephen Wong, a description of the business activities of each such employer or business, and the title and responsibilities of Gregory Stephen Wong, for each such employer or business; and
    c. Any other changes required to be reported under subparagraph A of this part.
2. For Defendants Seville Marketing, Ltd., and Gregory Stephen Wong:
    a. A copy of each acknowledgment of receipt of this Stipulated Judgment, obtained pursuant to the provision above entitled, "DISTRIBUTION OF STIPULATED JUDGMENT BY DEFENDANTS";
    b. Any other changes required to be reported under subparagraph A of this part; and
    c. A statement describing the manner in which Defendants have complied and are complying with (a) the injunctive provisions of this Stipulated Judgment, and (b) the monetary relief provisions of this Stipulated Judgment.

C. For the purposes of this Stipulated Judgment, Defendants Seville Marketing, Ltd., and Gregory Stephen Wong shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Regional Director
> Federal Trade Commission
> 915 Second Avenue, Room 2896
> Seattle, WA 98174
> Re: *FTC v. Seville Marketing, Ltd., et al.*

D. For purposes of the compliance reporting and monitoring required by this Stipulated Judgment, the Commission is authorized to communicate directly with Defendants.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Stipulated Judgment:

A. Within ten (10) business days of receipt of written notice from a representative of the Commission, Defendants Seville Marketing, Ltd., and Gregory Stephen Wong each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Stipulated Judgment by all other lawful means, including but not limited to the following:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Federal Rules of Civil Procedure 30, 31, 33, 34, 36, and 45; and

2. posing as consumers and suppliers to Seville Marketing, Ltd., and Gregory Stephen Wong, their employees, or any other entity managed or controlled in whole or in part by Seville Marketing, Ltd., or Gregory Stephen Wong, without the necessity of identification or prior notice; and

C. Seville Marketing, Ltd., and Gregory Stephen Wong shall permit representatives of the Commission to interview any officer, director, employee, employer, consultant, independent contractor, representative, or agent who has agreed to such an interview, relating in any way to any conduct subject to this Stipulated Judgment. The person interviewed may have counsel present.

*Provided,* however, that nothing in this Stipulated Judgment shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that for a period of six (6) years from the date of entry of this Stipulated Judgment, Defendants, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service or otherwise, in connection with any business where: (1) any defendant is the majority owner of the business, or directly or indirectly manages or controls the business, and (2) the business is engaged, participating, or assisting in any manner whatsoever, directly or indirectly, in the advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product or service, are hereby permanently restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

    E.    All documents evidencing or referring to the accuracy or efficacy of any covered product or service advertised, marketed, promoted, offered for sale, distributed or sold by defendants, including but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirms, contradicts, qualifies, or calls into question the accuracy or efficacy of such covered product or service;

    F.    All documents referring or relating to the advertisement, marketing, promotion, offering for sale, distribution or sale of any covered product or service by defendants; and

    G.    Copies of all sales scripts, training materials, advertisements, or other marketing materials.

    H.    All records and documents necessary to demonstrate full compliance with each provision of this Stipulated Judgment, including but not limited to copies of acknowledgments of receipt of this Stipulated Judgment, required by Paragraph D of the provision above entitled "DISTRIBUTION OF STIPULATED JUDGMENT BY DEFENDANTS," and all reports submitted to the FTC pursuant to the provision above entitled "COMPLIANCE REPORTING BY DEFENDANTS."

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification and enforcement of this Stipulated Judgment.

**SO ORDERED,** this 24th day of May, 2005, at 11:00 a.m.

*[signature]*
Robert S. Lasnik
United States District Judge

Plaintiff, by its counsel, and Defendants hereby consent to the terms and conditions of the Stipulated Judgment as set forth above and consent to the entry thereof.

**FOR FEDERAL TRADE COMMISSION:**

_____
Nadine S. Samter, WSBA # 23881
Janet M. Evans, DC Bar # 358467
Kial S. Young, Mass. Bar # 633515
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA  98174
voice:  (206) 220-6350
fax:  (206) 220-6366

1  Attorneys for Plaintiff
2  FEDERAL TRADE COMMISSION

3
4  **FOR DEFENDANTS:**

5
6  Seville Marketing, Ltd.
   BY: _____

7

8  _____
   Gregory Stephen Wong, individually and as
9  president and owner of Seville Marketing, Ltd.

10

11
   _____
12 Michael Himes, WSBA# 19423
   Perkins, Coie, LLP
13 1201 Third Avenue, 40th Floor
   Seattle, WA 98101
14 voice: (206) 359-8667
15 fax: (206) 359-9667

16 Attorney for Defendants Seville Marketing, Ltd.,
17 and Gregory Stephen Wong